# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA SEYMOUR,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 10-CV-1155 H (POR)<br><br>**ORDER DISMISSING COMPLAINT ON GROUNDS OF JUDICIAL IMMUNITY** |

On May 6, 2010, Plaintiff Jessica Seymour commenced this action in San Diego Superior Court against a District Court Judge, alleging causes of action for conspiring to keep from seeking justice; conspiring to damage, defraud, obstruct justice; and purposeful negligent misuse and discoloring of Acts, Statutes, and Laws.[1] On May 28, 2010, the United States of America removed the case to this Court under 28 U.S.C. §§ 1441 and 1442. (Doc. No. 1.) On June 11, 2010, after reviewing the complaint, the Court noted that Plaintiff appears to bring this action against the Defendant Judge in her official capacity as a judge, and ordered Plaintiff to show cause as to why the Court should not dismiss the complaint on grounds of judicial immunity. (Doc. No. 8.)

Judges are entitled to absolute immunity for actions undertaken in their judicial

---

[1] Plaintiff originally named other defendants and alleged additional causes of action, but on June 11, 2010, the Court granted Plaintiff's motion to dismiss other defendants and dismiss all but three causes of action against the Defendant federal District Judge. (Doc. No. 8.)

capacity. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). Absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors. See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Schucker, 846 F.2d at 1204; see Mireles v. Waco, 502 U.S. 9, 11 (1991).

On July 2, 2010, Plaintiff filed a 28-page response to the Court's order to show cause, restating the allegations of her complaint. (Doc. No. 10.) Plaintiff argues that the Judge "did not afford [Plaintiff] equal protection under the law" and "prejudiced [Plaintiff's] petition to have depositions ordered prior to bringing suit." (Id. at 4.) After careful consideration of the complaint as well as Plaintiff's briefing in response to the order to show cause, the Court concludes that judicial immunity applies to Plaintiff's claims against the Judge. The actions alleged in the complaint fall within the scope of the official judicial function and jurisdiction. As such, the Judge's actions are protected by absolute immunity, which is essential to the judicial process. See Schucker, 846 F.2d at 1204. Accordingly, the Court dismisses Plaintiff's complaint on grounds of judicial immunity. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: August 12, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT